UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUHSON BUSBY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>INVOCA, INC.,<br><br>    Defendant. | Case No. 24-cv-05542-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Invoca, Inc.'s motion to dismiss, Dkt. No. 23, is denied. For plaintiffs' first claim, the FAC plausibly alleges that Invoca is a "third party wiretapper" that has violated the California Invasion of Privacy Act (CIPA), Cal. Penal Code § 631(a). *See* Dkt. No. 21 (FAC) ¶¶ 60-74. Invoca says that it is merely an "extension of DISH and DirecTV," Dkt. No. 23 at 4, but the FAC alleges otherwise, which decides the question at this pleading motions stage. Among other allegations, the FAC says that Invoca is a separate legal entity from DISH and DirecTV, and that DISH and DirecTV are Invoca's customers. The FAC also alleges that Invoca recorded conversations between plaintiffs and DISH and DirecTV in which Invoca was not a party. *See*, *e.g.*, FAC ¶¶ 4-5. In addition, the FAC alleges that Invoca expressly claims the right to independently use data from the calls it recorded to "market" and "enhance" its own services. *Id*. ¶¶ 46-47.

Consequently, this is not a situation where DISH or DirecTV recorded their own conversations as in *Rogers v. Ulrich*, 52 Cal. App. 3d 894 (1975). Rather, plaintiffs have plausibly alleged that Invoca, a third party, eavesdropped and secretly monitored the conversations plaintiffs had with DISH and DirecTV. This type of conduct is prohibited by Section 631(a). *See Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985).

1  Invoca's request to dismiss plaintiffs' second claim under § 632(a) of CIPA is also denied.
2  Invoca says that plaintiffs failed "to plead both absence of consent and that they had an
3  expectation of privacy in their calls." Dkt. No. 23 at 10. This is not a fair description of the
4  complaint. The FAC acknowledges that DISH consumers were told that their calls will be
5  "monitored and recorded for quality assurance or training purposes," and DirecTV consumers
6  were told that their calls will be "recorded for quality assurance." FAC ¶ 7. These disclosures did
7  not request or obtain plaintiffs' consent for Invoca to record the calls in the manner alleged. In
8  addition, California Penal Code § 632(c) states that "'confidential communication' means any
9  communication carried on in circumstances as may reasonably indicate that any party to the
10 communication desires it to be confined to the parties thereto." Plaintiffs have plausibly alleged
11 that here, and that expectation does not encompass Invoca.

The request to dismiss the CIPA § 637.5 claim is equally unavailing. As Section 637.5(h) states, a person "receiving subscriber information from a satellite or cable television corporation shall be subject to the provisions of" § 637.5. Plaintiffs have plausibly alleged that Invoca is subject to § 637.5(h) and that it engaged in conduct that violated § 637.5(a)(1).

Invoca says that plaintiff Casner, as a Pennsylvania citizen, may not assert "a Pennsylvania WESCA claim and a California CIPA claim as a purported member of a nationwide class based on the same alleged conduct," because a "[p]laintiff cannot assert violation[s] of two state laws based on the same conduct." Dkt. No. 23 at 11-12. Invoca cites no controlling law for this proposition, and the proposition is doubtful as a suggestion to bar the accepted practice of pleading claims in alternative ways. In any event, questions of class definition and claims are properly addressed in class certification proceedings, and not in a motion to dismiss.

For plaintiff Casner's claim under Pennsylvania's Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. §§ 5701 et seq., Invoca says that the claim "fails for the same reasons that the CIPA § 632(a) claim fails." Dkt. No. 23 at 13. For the same reasons that the CIPA § 632(a) claim may go forward, then, the WESCA claim too can go forward.

1    The request to strike the nationwide CIPA class claims under Rule 12(f) is denied. This is
2    not a proper request under Rule 12(f). Questions of class certification will be decided pursuant to
3    Rule 23, as circumstances warrant.
4    Invoca's request to dismiss "Casner's CIPA claim and the nationwide CIPA claims for
5    failure to plead the necessary nexus to California," Dkt. No. 23 at 15, is denied. Plaintiffs have
6    alleged that Invoca has its "principal place of business in San Francisco, California," FAC ¶ 18,
7    and that Invoca recorded, transcribed, and analyzed the calls at issue. There is a plausible
8    inference that the challenged conduct took place in California. If Invoca wishes to challenge that
9    assertion as a matter of fact, that will need to be done under a different provision of the Federal
10   Rules of Civil Procedure on a more developed factual record.
11   **IT IS SO ORDERED.**
12   Dated: March 14, 2025

JAMES DONATO
United States District Judge