TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
MARY GRIFFIN SIMS (CSB No. 324073)
mgriffin@fenwick.com
YVETTE CHEN (CSB No. 352696)
ychen@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for INVOCA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUHSON BUSBY, JILL COHEN, and STEPHEN CASNER individually and on behalf of all others similarly situated,

Plaintiffs,

v.

INVOCA, INC.,

Defendant.

Case No.: 3:24-cv-05542-JD

**DEFENDANT INVOCA, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Invoca, Inc. ("Invoca") answers Plaintiffs Ruhson Busby, Jill Cohen, and Stephen Casner's (collectively, "Plaintiffs") First Amended Class Action Complaint ("FACAC") as follows:

**GENERAL RESPONSE**

Except as expressly admitted herein, Invoca denies the allegations set forth in the FACAC. Paragraph numbers in this Answer correspond and respond to the allegations in the numbered paragraphs of the FACAC. To the extent that allegations in a numbered paragraph of the FACAC purport to cite to, refer to, or characterize allegations in other paragraphs of the FACAC, Invoca incorporates and reasserts its response to each such paragraph as if set forth fully therein. To the extent that the paragraphs in the FACAC are grouped under headings and subheadings, Invoca responds generally that such headings and subheadings (repeated below only for the ease of reference) state unsupported legal conclusions to which no response is required. To the extent a response is necessary, Invoca denies each heading and subheading in the Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein.

Plaintiffs' use of footnotes throughout the FACAC does not comply with Federal Rule of Civil Procedure 10(b), and no response is required to the footnotes. To the extent a response is required, each footnote is discussed in the relevant numbered paragraph below. By not responding to the noncompliant footnotes throughout the FACAC, Defendant does not admit to or otherwise acknowledge the truth of any of those footnotes or materials to which they refer.

**INTRODUCTION**

Defendant admits that Plaintiffs Ruhson Busby, Jill Cohen, and Stephen Casner purport to act on behalf of a class or classes. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in the introductory paragraph, and therefore denies them.

**NATURE OF THE ACTION**

1. Defendant admits that it develops and operates conversation intelligence products that it licenses to other business through a software-as-a-service offering. Defendant admits that one of the features of conversation intelligence platforms is the use of natural language processing

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

software to transcribe speech audio into text and the use of artificial intelligence and machine learning to extract and organize data from the speech. Defendant admits that Defendant's conversation intelligence software may allow businesses that use it to gain insights from their communications with their customers. Defendant admits that DirecTV has used Defendant's conversation intelligence software at times. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits that it offers products it markets as Signal AI Studio; Automated Quality Assurance; Signal AI Discovery; Call Recordings and Transcriptions; and Conversational IVR. Defendant also admits that companies such as DISH and DirecTV have used some of Invoca's products and services. Defendant denies that DISH has used Call Recordings and Transcriptions and Conversational IVR. Defendant denies the remaining allegations in Paragraph 2.

3. Paragraph 3 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 as to DISH, and it admits that DirecTV has used Defendant's software-as-a-service to record communications with some DirecTV customers who received notice that their calls with DirecTV agents would be recorded. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant admits that its Conversation and Transcriptions and conversation intelligence products require recording Defendants' business customers' communications with their customers. Defendant admits that DirecTV has used Defendant's call recording products at times. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant denies that DISH has used any of Defendant's call recording products. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations as to what DISH consumers are told, because DISH does not use Defendant's call recording products. Defendant admits that DirecTV's notice to customers has included a statement that their calls would be "recorded for quality assurance." Defendant denies the remaining allegations in Paragraph 7.

8. Paragraph 8 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

9. Paragraph 9 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

## PARTIES

10. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies them.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies them.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore denies them.

16. Defendant denies the allegations in Paragraph 16.

17. Paragraph 17 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18. Defendant admits that Invoca is a Delaware corporation. Defendant denies the remaining allegations of Paragraph 18.

## JURISDICTION AND VENUE

19. Paragraph 19 includes legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore denies them.

20. Paragraph 20 includes legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is headquartered in the State of California.

21. Paragraph 21 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 21.

## FACTUAL ALLEGATIONS

### I. Background On Relevant California And Pennsylvania Law

#### a. The California Invasion Of Privacy Act

22. Paragraph 22 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22. The document quoted in Paragraph 22 speaks for itself.

23. Paragraph 23 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23. The document quoted in Paragraph 23 speaks for itself.

24. Paragraph 24 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24. The document quoted in Paragraph 24 speaks for itself.

25. Paragraph 25 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25. The document quoted in Paragraph 25 speaks for itself.

26. Paragraph 26 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26. The document quoted in Paragraph 26 speaks for itself.

27. Paragraph 27 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27. The document quoted in Paragraph 27 speaks for itself.

28. Paragraph 28 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

#### b. The Pennsylvania Wiretapping And Electronic Surveillance Control Act

29. Paragraph 29 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29. The document quoted in Paragraph 29 speaks for itself.

30. Paragraph 30 includes legal conclusions to which no response is required. To the

FENWICK & WEST LLP
ATTORNEYS AT LAW

extent a response is required, Defendant denies the allegations in Paragraph 30. The document quoted in Paragraph 30 speaks for itself.

31. Paragraph 31 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31. The document quoted in Paragraph 31 speaks for itself.

32. Paragraph 32 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32.

**II. Defendant Violates California And Pennsylvania Law**

33. Defendant admits that it is a leader in conversation intelligence. The document quoted in paragraph 33 speaks for itself.

34. Defendant admits the allegations of Paragraph 34.

35. The document quoted in Paragraph 35 speaks for itself.

36. Defendant admits that it describes as "Signals" information about a business's call with its customers. The document quoted in Paragraph 36 speaks for itself.

37. The document quoted in Paragraph 37 speaks for itself. Defendant denies that all Invoca customers use the Automated Quality Assurance service.

38. The document quoted in Paragraph 38 speaks for itself.

39. The documents quoted in Paragraph 39 speak for themselves.

40. The documents quoted in Paragraph 40 speak for themselves. To the extent that Paragraph 40 alleges that recorded and transcribed calls of every Invoca customer can be searched by any Invoca customer, Defendant denies the allegation.

41. The document quoted in Paragraph 41 speaks for itself. Defendant denies that every customer uses its Conversational IVR service.

42. Defendant denies that DISH has used Defendant's call recording features. Defendant denies the remaining allegations in Paragraph 42.

43. Defendant denies that DISH has used Defendant's call recording features. Defendant denies the remaining allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. The document quoted in Paragraph 45 speaks for itself.

46. The document quoted in Paragraph 46 speaks for itself.

47. The document quoted in Paragraph 47 speaks for itself.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

## CLASS ALLEGATIONS

51. Paragraph 51 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52. Defendant admits that Plaintiffs' complaint refers to the proposed Nationwide Class, California Class, and the Pennsylvania Class collectively as the "Class."

53. Paragraph 53 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54. Paragraph 54 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55. Paragraph 55 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56. Paragraph 56 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57. Paragraph 57 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58. Paragraph 58 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59. Paragraph 59 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

## CAUSES OF ACTION

### COUNT I
**Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 631(a)**

60. Defendant incorporates by reference its answers to Paragraphs 1 through 59 of the FACAC as though fully stated herein.

61. Defendant admits that Plaintiffs purport to act on behalf of a Nationwide Class or state classes.

62. Paragraph 62 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63. Paragraph 63 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64. Paragraph 64 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65. Defendant admits that it is a separate legal entity from DISH and DirecTV. Defendant also admits that it offers "software-as-a-service." The remaining allegations in Paragraph 65 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 65.

66. Defendant denies that it is a third party wiretapper. The remaining allegations in Paragraph 66 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70. The Document quoted in Paragraph 70 speaks for itself.

71. Defendant admits that it is a separate legal entity from DISH and DirecTV. Defendant denies the remaining allegations in Paragraph 71.

72. Defendant admits that it is headquartered in California. The remaining allegations

in Paragraph 72 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 72.

73. Paragraph 73 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74. Paragraph 74 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

**COUNT II**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 632(a)**

75. Defendant incorporates by reference its answers to Paragraphs 1 through 74 of the FACAC as though fully stated herein.

76. Defendant admits only that Plaintiffs purport to act on behalf of a Nationwide Class or state classes.

77. Paragraph 77 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

78. Paragraph 78 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant admits that it is headquartered in California. The remaining allegations in Paragraph 83 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 83.

84. Paragraph 84 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84.

85. Paragraph 85 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**COUNT III**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 637.5**

86. Defendant incorporates by reference its answers to Paragraphs 1 through 85 of the FACAC as though fully stated herein.

87. Defendant admits that Plaintiffs purport to act on behalf of a Nationwide Class or state classes.

88. Paragraph 88 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88. The document quoted in Paragraph 88 speaks for itself.

89. Paragraph 89 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89. The document quoted in Paragraph 89 speaks for itself.

90. Paragraph 90 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90.

91. Paragraph 91 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92. Defendant admits that it is a separate legal entity from DISH and DirecTV. Defendant also admits that it offers "software-as-a-service." The remaining allegations in Paragraph 92 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Paragraph 95 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95.

96. Paragraph 96 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 96.

**COUNT IV**
**Violation Of The Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. §§ 5701, *et seq*.**

97. Defendant incorporates by reference its answers to Paragraphs 1 through 96 of the FACAC as though fully stated herein.

98. Defendant admits that Plaintiffs purport to act on behalf of a Pennsylvania Class.

99. Paragraph 99 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 99.

100. Paragraph 100 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100.

101. Paragraph 101 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101.

102. Paragraph 102 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 102.

103. Paragraph 103 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103.

104. Paragraph 104 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 104.

105. Paragraph 105 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 105.

106. Paragraph 106 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 106.

107. Paragraph 107 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 107.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief they request or any relief whatsoever, and specifically denies each of the requests for relief enumerated in the FACAC.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs' complaint includes a demand for a jury trial.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant further pleads the following separate and additional defenses to the FACAC. By pleading these defenses, Invoca does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues or that is liable for any claims against it.

**FIRST DEFENSE**
**(Consent / Acquiescence)**

Plaintiffs' express or implied consent or acquiescence to Defendant's disclosures and agreements bar them from bringing their claims.

**SECOND DEFENSE**
**(Class Cannot Be Certified)**

The putative class cannot be certified under Federal Rule of Civil Procedure 23 because, inter alia, the class representatives and/or class counsel fail to meet any of the requirements under Rule 23, including, but not limited to, the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

**THIRD DEFENSE**
**(No Damages)**

Plaintiffs and the putative class have not suffered any injury or damages whatsoever.

**FOURTH DEFENSE**
**(Failure To Mitigate Damages)**

For each purported claim, Plaintiffs and the putative class have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the FACAC, if any.

**FIFTH DEFENSE**
**(Waiver Or Estoppel)**

Each claim contained in the FACAC is barred because Plaintiffs waived the claims they now assert or are estopped by their conduct from asserting such claims.

**SIXTH DEFENSE**
**(Attorneys' Fees Improper)**

The FACAC fails to state a claim or set forth facts sufficient to support a claim for attorneys'

fees.

**SEVENTH DEFENSE**
**(No Standing)**

Plaintiffs and/or the putative class member lack standing under Article III of the United States Constitution and/or the statutes under which they bring their claims.

**EIGHTH DEFENSE**
**(No Punitive Damages)**

To the extent that Plaintiffs and the putative class members recover in any manner in this action, they cannot make the legal showing required to recover punitive damages.

**NINTH DEFENSE**
**(No Injunctive Relief)**

For each purported claim in the FACAC, Plaintiffs fail to properly state a claim for injunctive relief.

**TENTH DEFENSE**
**(Failure To State A Claim)**

Each purported claim in the FACAC fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.

**ELEVENTH DEFENSE**
**(Comparative Fault And Contribution)**

Plaintiffs are in whole or in part responsible for and have contributed to the alleged wrongs alleged in the FACAC. Any recovery to which Plaintiffs may be entitled must be reduced by their comparative responsibility and obligations of contribution, which, further, must act as a setoff against any recovery on Plaintiffs' behalf.

**TWELFTH DEFENSE**
**(No Equitable Relief)**

Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

**THIRTEENTH DEFENSE**
**(Statute of Limitations)**

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant does not presently know all facts concerning the conduct and claims of Plaintiffs and the putative class to state all affirmative defenses at this time. Invoca will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses. Invoca reserves any and all additional affirmative defenses available to them.

**INVOCA'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment with respect to Plaintiffs' First Amended Class Action Complaint and Invoca's defenses as follows:

a. Denial of certification of the putative classes alleged in the First Amended Class Action Complaint;

b. A judgment in Invoca's favor denying Plaintiffs all relief requested in the First Amended Class Action Complaint and dismissing the First Amended Class Action Complaint with prejudice;

c. An award of costs to Defendants; and

d. Such other relief as the Court shall deem just and proper.

Dated: April 18, 2025

FENWICK & WEST LLP

By: /s/ *Tyler G. Newby*

Tyler G. Newby
tnewby@fenwick.com
Mary Griffin Sims
mgriffin@fenwick.com
Yvette Chen
ychen@fenwick.com

Attorneys for INVOCA, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW