TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
MARY GRIFFIN SIMS (CSB No. 324073)
mgriffin@fenwick.com
YI CHEN (CSB No. 352696)
ychen@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for INVOCA, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICIO GONZÁLEZ VALOIS and KELLEY THIEME, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

INVOCA, INC.,

Defendant.

Case No.: 3:24-cv-05542-JD

**DEFENDANT INVOCA, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Defendant Invoca, Inc. ("Invoca") answers Plaintiffs Mauricio González Valois and Kelley Thieme's (collectively, "Plaintiffs") Second Amended Class Action Complaint ("SACAC") as follows:

## GENERAL RESPONSE

Except as expressly admitted herein, Invoca denies the allegations set forth in the SACAC. Paragraph numbers in this Answer correspond and respond to the allegations in the numbered paragraphs of the SACAC. To the extent that allegations in a numbered paragraph of the SACAC purport to cite to, refer to, or characterize allegations in other paragraphs of the SACAC, Invoca incorporates and reasserts its response to each such paragraph as if set forth fully therein. To the extent that the paragraphs in the SACAC are grouped under headings and subheadings, Invoca responds generally that such headings and subheadings (repeated below only for the ease of reference) state unsupported legal conclusions to which no response is required. To the extent a response is necessary, Invoca denies each heading and subheading in the Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein.

Plaintiffs' use of footnotes throughout the SACAC does not comply with Federal Rule of Civil Procedure 10(b), and no response is required to the footnotes. To the extent a response is required, each footnote is discussed in the relevant numbered paragraph below. By not responding to the noncompliant footnotes throughout the SACAC, Defendant does not admit to or otherwise acknowledge the truth of any of those footnotes or materials to which they refer.

## INTRODUCTION

Defendant admits that Plaintiffs Mauricio González Valois and Kelley Thieme purport to act on behalf of a class or classes. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in the introductory paragraph, and therefore denies them.

## NATURE OF THE ACTION

1. Defendant admits that it develops and operates conversation intelligence products that it licenses to other business through a software-as-a-service offering. Defendant admits that one of the features of conversation intelligence platforms is the use of natural language processing

FENWICK & WEST LLP
ATTORNEYS AT LAW

software to transcribe speech audio into text and the use of artificial intelligence and machine learning to extract and organize data from the speech. Defendant admits that Defendant's conversation intelligence software may allow businesses that use it to gain insights from their communications with their customers. Defendant admits that DirecTV has used Defendant's conversation intelligence software at times. Defendant denies the remaining allegations in Paragraph 1, including that the document in footnote 1 contains the quoted language.

2. Defendant admits that it offers products it markets as Signal AI Studio; Automated Quality Assurance; Signal AI Discovery; Call Recordings and Transcriptions; and Conversational IVR. Defendant also admits that companies such as DirecTV have used some of Invoca's products and services. Defendant denies the remaining allegations in Paragraph 2.

3. Paragraph 3 includes legal conclusions to which no response is required. To the extent a response is required, Defendant admits that DirecTV has used Defendant's software-as-a-service to record communications with some DirecTV customers who received notice that their calls with DirecTV agents would be recorded. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant admits that its call recordings, transcription services, and conversation intelligence products require recording Defendants' business customers' communications with their customers. Defendant admits that DirecTV has used Defendant's call recording products at times. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant admits that DirecTV's notice to customers has included a statement that their calls would be "recorded for quality assurance." Defendant denies the remaining allegations in Paragraph 7.

8. Paragraph 8 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

## PARTIES

9. Defendant lacks sufficient information to form a belief as to the truth or falsity of

the allegations in Paragraph 9 and therefore denies them.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies them.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant admits that Invoca is a Delaware corporation. Defendant denies the remaining allegations of Paragraph 14.

## JURISDICTION AND VENUE

15. Paragraph 15 includes legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore denies them.

16. Paragraph 16 includes legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is headquartered in the State of California.

17. Paragraph 17 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 17.

## FACTUAL ALLEGATIONS

### I. Background On The California Invasion Of Privacy Act

18. Paragraph 18 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18. The document quoted in Paragraph 18 speaks for itself.

19. Paragraph 19 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19. The document quoted in Paragraph 19 speaks for itself.

20. Paragraph 20 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20. The document quoted in Paragraph 20 speaks for itself.

21. Paragraph 21 includes legal conclusions to which no response is required. To the

extent a response is required, Defendant denies the allegations in Paragraph 25. The document quoted in Paragraph 21 speaks for itself.

22. Paragraph 22 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22. The document quoted in Paragraph 22 speaks for itself.

23. Paragraph 23 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23. The document quoted in Paragraph 23 speaks for itself.

24. Paragraph 24 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

## II. Defendant Violates California Law

25. Defendant admits that it is a leader in conversation intelligence. Defendant denies that the documents quoted in paragraph 25 contain all of the quoted language. The remainder of the documents quoted in paragraph 25 speak for themselves.

26. Defendant admits the allegations of Paragraph 26.

27. Defendant denies that the document quoted in footnote 6 exists. Defendant denies that the documents quoted in paragraph 27 contain all of the quoted language. The remainder of the document quoted in Paragraph 27 speaks for itself.

28. Defendant admits that it describes as "Signals" information about a business's call with its customers. The remainder of the documents quoted in Paragraph 28 speak for themselves.

29. Defendant denies that the documents quoted in Paragraph 29 exist.

30. Defendant denies that the document quoted in footnote 14 exists. The remaining documents quoted in Paragraph 30 speak for themselves.

31. The documents quoted in Paragraph 31 speak for themselves.

32. Defendant denies that the document quoted in footnote 18 exists. The remaining document quoted in Paragraph 32 speaks for itself. To the extent that Paragraph 32 alleges that recorded and transcribed calls of every Invoca customer can be searched by any Invoca customer,

Defendant denies the allegation.

33. Defendant denies that the documents quoted in paragraph 33 contain all of the quoted language. The remaining documents quoted in Paragraph 33 speak for themselves.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. The document quoted in Paragraph 37 speaks for itself.

38. The document quoted in Paragraph 38 speaks for itself.

39. The document quoted in Paragraph 39 speaks for itself.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

## CLASS ALLEGATIONS

43. Paragraph 43 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43.

44. Defendant admits that Plaintiffs' SACAC refers to the proposed Nationwide Class and California Class, collectively as the "Class."

45. Paragraph 45 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46. Paragraph 46 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47. Paragraph 47 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48. Paragraph 48 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

49. Paragraph 49 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50. Paragraph 50 includes legal conclusions to which no response is required. To the

extent a response is required, Defendant denies the allegations in Paragraph 50.

51. Paragraph 51 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

## CAUSES OF ACTION

### COUNT I
### Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 631(a)

52. Defendant incorporates by reference its answers to Paragraphs 1 through 51 of the SACAC as though fully stated herein.

53. Defendant admits that Plaintiffs purport to act on behalf of a Nationwide Class and a California Class.

54. Paragraph 54 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55. Paragraph 55 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56. Paragraph 56 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57. Defendant admits that it is a separate legal entity from DirecTV. Defendant also admits that it offers "software-as-a-service." The remaining allegations in Paragraph 57 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 57.

58. Defendant denies that it is a third party wiretapper. The remaining allegations in Paragraph 58 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62. The document quoted in Paragraph 62 speaks for itself.

FENWICK & WEST LLP
ATTORNEYS AT LAW

63. Defendant admits that it is a separate legal entity from DirecTV. Defendant denies the remaining allegations in Paragraph 63.

64. Defendant admits that it is headquartered in California. The remaining allegations in Paragraph 64 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 64.

65. Paragraph 65 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66. Paragraph 66 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

**COUNT II**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 632(a)**

67. Defendant incorporates by reference its answers to Paragraphs 1 through 66 of the SACAC as though fully stated herein.

68. Defendant admits that Plaintiffs purport to act on behalf of a Nationwide Class and a California Class.

69. Paragraph 69 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70. Paragraph 70 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant admits that it is headquartered in California. The remaining allegations in Paragraph 75 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 75.

76. Paragraph 76 includes legal conclusions to which no response is required. To the

FENWICK & WEST LLP
ATTORNEYS AT LAW

extent a response is required, Defendant denies the allegations in Paragraph 76.

77. Paragraph 77 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

**COUNT III**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 637.5**

78. Defendant incorporates by reference its answers to Paragraphs 1 through 77 of the SACAC as though fully stated herein.

79. Defendant admits that Plaintiffs purport to act on behalf of a Nationwide Class and a California Class.

80. Paragraph 80 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 80. The document quoted in Paragraph 80 speaks for itself.

81. Paragraph 81 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 81. The document quoted in Paragraph 81 speaks for itself.

82. Paragraph 82 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82.

83. Paragraph 83 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83.

84. Defendant admits that it is a separate legal entity from DirecTV. Defendant admits that it offers "software-as-a-service." The remaining allegations in Paragraph 84 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Paragraph 87 includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88. Paragraph 88 includes legal conclusions to which no response is required. To the

FENWICK & WEST LLP
ATTORNEYS AT LAW

extent a response is required, Defendant denies the allegations in Paragraph 88.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief they request or any relief whatsoever, and specifically denies each of the requests for relief enumerated in the SACAC.

## DEMAND FOR JURY TRIAL

Defendant admits that the SACAC includes a demand for a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant further pleads the following separate and additional defenses to the SACAC. By pleading these defenses, Invoca does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues or that is liable for any claims against it.

### FIRST DEFENSE
### (Consent / Acquiescence)

Plaintiffs' express or implied consent or acquiescence to Defendant's disclosures and agreements bar them from bringing their claims.

### SECOND DEFENSE
### (Class Cannot Be Certified)

The putative class cannot be certified under Federal Rule of Civil Procedure 23 because, inter alia, the class representatives and/or class counsel fail to meet any of the requirements under Rule 23, including, but not limited to, the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

### THIRD DEFENSE
### (No Damages)

Plaintiffs and the putative class have not suffered any injury or damages whatsoever.

### FOURTH DEFENSE
### (Failure To Mitigate Damages)

For each purported claim, Plaintiffs and the putative class have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the SACAC, if any.

**FIFTH DEFENSE**
**(Waiver Or Estoppel)**

Each claim contained in the SACAC is barred because Plaintiffs waived the claims they now assert or are estopped by their conduct from asserting such claims.

**SIXTH DEFENSE**
**(Attorneys' Fees Improper)**

The SACAC fails to state a claim or set forth facts sufficient to support a claim for attorneys' fees.

**SEVENTH DEFENSE**
**(No Standing)**

Plaintiffs and/or the putative class member lack standing under Article III of the United States Constitution and/or the statutes under which they bring their claims.

**EIGHTH DEFENSE**
**(No Punitive Damages)**

To the extent that Plaintiffs and the putative class members recover in any manner in this action, they cannot make the legal showing required to recover punitive damages.

**NINTH DEFENSE**
**(No Injunctive Relief)**

For each purported claim in the SACAC, Plaintiffs fail to properly state a claim for injunctive relief.

**TENTH DEFENSE**
**(Failure To State A Claim)**

Each purported claim in the SACAC fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.

**ELEVENTH DEFENSE**
**(Comparative Fault And Contribution)**

Plaintiffs are in whole or in part responsible for and have contributed to the alleged wrongs

alleged in the SACAC. Any recovery to which Plaintiffs may be entitled must be reduced by their comparative responsibility and obligations of contribution, which, further, must act as a setoff against any recovery on Plaintiffs' behalf.

**TWELFTH DEFENSE**
**(No Equitable Relief)**

Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

**THIRTEENTH DEFENSE**
**(Statute of Limitations)**

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant does not presently know all facts concerning the conduct and claims of Plaintiffs and the putative class to state all affirmative defenses at this time. Invoca will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses. Invoca reserves any and all additional affirmative defenses available to them.

**INVOCA'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment with respect to Plaintiffs' SACAC and Invoca's defenses as follows:

a. Denial of certification of the putative classes alleged in the SACAC;

b. A judgment in Invoca's favor denying Plaintiffs all relief requested in the SACAC and dismissing the SACAC with prejudice;

c. An award of costs to Defendants; and

d. Such other relief as the Court shall deem just and proper.

**INVOCA'S DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Defendant respectfully requests a jury trial on all issues so triable.

Dated: June 12, 2026

FENWICK & WEST LLP

By: /s/ *Tyler G. Newby*

Tyler G. Newby
tnewby@fenwick.com
Mary Griffin Sims
mgriffin@fenwick.com
Yi Chen
ychen@fenwick.com

Attorneys for INVOCA, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW